CHARLIE JENKINS v. THE STATE.

No. 1411. Decided November 29, 1911.

**1.—Local Option—Indictment—Mutilation.**

Where it appeared on appeal that the indictment was the act of the grand jury, the objection that it had been spliced and mutilated was untenable.

**2.—Same—Bill of Exceptions.**

Where there was no bill of exceptions reserved to the action of the court in admitting testimony, the same could not be considered on appeal.

**3.—Same—Sufficiency of the Evidence.**
    Where the conviction of a violation of the local option law was sustained by the evidence, there was no error.

Appeal from the County Court of Sabine.   Tried below before the Hon. T. R. Smith.
    Appeal from a violation of the local option law; penalty, a fine of $50 and twenty days in jail.
    The opinion states the case.

*J. H. McGown* and *Goodrich & Lewis,* for appellant.

*C. E. Lane,* Assistant Attorney-General, for the State.

HARPER, JUDGE.—Appellant was indicted, charged with violating the local option law, and·upon conviction, his punishment was assessed at a fine of $50 and twenty days imprisonment in the county jail.
    Appellant moved to quash the indictment, on the same grounds as he did in the·indictments in the cases of Jenkins v. State, this day decided by Presiding Judge Davidson and by Judge Prendergast.  For the reasons assigned in those cases, we hold the court did not err in overruling the motion.
    The ground in the motion for a new trial complaining that the court erred in admitting the testimony of the witness, Hammond, can not be considered by us, as no bill of exception was reserved to the action of the court in admitting the testimony.
    The only other ground in the motion is that the testimony is insufficient to sustain the conviction.   If the witnesses for the State are to be believed, they bought from appellant a bottle of "Paul Jones whisky," and paid him one dollar and fifty cents for it.

*Affirmed.*